Dear Senator Johnson
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 What is the appropriate amount that county clerks may charge for furnishing an electronic copy (or digital image) of an instrument(s) that is recorded with the clerk and regularly kept by the clerk in a computer-readable format?
 Authority of County Clerks to Keep and Produce Records
¶ 1 The county clerks of this State are required by law to keep and produce records in the following manner:
 The county commissioners shall furnish, and the county clerk shall maintain, in the office of the county clerk, suitable records for storage for all instruments of writing subject by law to be recorded in the office of the county clerk. Suitable record may include either photographic copy, microphotographic or computer storage of such instruments. All records shall be available to the public for immediate viewing and reproduction.
19 O.S. Supp. 2004, § 286[19-286].
¶ 2 Besides photographic and microphotographic or computer storage of records, electronic documents may be accepted by the county clerk for filing as follows:
 Notwithstanding any other provision to the contrary in Section 298 of Title 19 of the Oklahoma Statutes, an electronic document presented in compliance with the Uniform Electronic Transaction Act is acceptable for filing. Nothing in this section shall require any county clerk to establish, accept, or transmit any document in an electronic format.
Id. § 298.1.
¶ 3 In addition to the authorization for storage and acceptance of electronic documents and instruments of writing filed with the county clerk, the county clerk may reproduce and store original records in the following manner:
 A. County officers may have any or all records kept by any county office photographed, microphotographed, photostated, reproduced on film or stored on optical disk. Such film or reproducing material shall be of durable material and the device used to reproduce such records on film or other material shall be such as to accurately reproduce and perpetuate the original records in all details.
19 O.S. 2001, § 155.7[19-155.7].[1]
¶ 4 This section of law has been found to authorize county officers "to convert records to a digital format or other format which offers convenience of storage, so long as the records can be reproduced accurately `in all details.'" A.G. Opin. 02-13, at 71.
 Charges For Reproduction of Records
¶ 5 Regardless of the methods by which records may be accepted for filing or stored by county clerks pursuant to the above statutory provisions, the records must be available for immediate public inspection and reproduction. 19 O.S. Supp. 2004, § 286[19-286]. Charges for such reproduction of records by county clerks are provided for by law. See 28 O.S. Supp. 2004, § 32[28-32]. Relevant to this inquiry, Section 32 specifically provides for fees for photographic copies as follows:
 4. For furnishing photographic copies of photographic records, or of typewritten script or printed records, per page $1.00. . . .
Id.
¶ 6 While "photographic copies" and "photographic records" are not defined in this provision of law, the term "photographs" is defined elsewhere in the Oklahoma statutes as follows:
 2. "Photographs" mean a form of a record which consists of still photographs, stored images, x-ray films, video tapes, or motion pictures[.]
12 O.S. Supp. 2004, § 3001[12-3001] (emphasis added). "Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears." 25 O.S. 2001, § 2[25-2]; see Dolese Bros. Co. v. Privett, 622 P.2d 1080,1084 (Okla. 1981).
¶ 7 Using this definition of photograph, which includes "stored images," it is the opinion of this office that if a county clerk makes a "paper" copy of a stored image, he/she may charge the per-page fees authorized by 28 O.S. Supp. 2004, § 32[28-32]. However, to determine whether the per-page fee may be charged for an "electronic copy" of that same stored image, we must determine whether an "electronic copy" may be reduced to a "page" as contemplated in this provision of law.
¶ 8 "Electronic" is defined in the Oklahoma statutes in the Uniform Electronic Transactions Act, 12A O.S. 2001, §§ 15-101-15-121[12A-15-101-15-121], referenced earlier herein relating to electronic filing, as follows:
 (7) "Electronic" means relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic, or similar capabilities.
Id. § 15-102. This definition is identical to that contained in Section 2 of the Uniform Electronic Transactions Act, the provisions of which have, for the most part, been adopted in Oklahoma. Unif. Elec. Transactions Act § 2, 7A, pt. 1, U.L.A. 4(5) (1999) [hereinafter U.L.A.], available at
http://www.law.upenn.edu/bll/ulc/fnact99/1990s/ueta99.pdf. The official comment to this definitional section describes the purpose and applicability of the Uniform Electronic Transactions Act to cover "intangible media which are technologically capable of storing, transmitting and reproducing information in human perceivable form, but which lack the tangible aspect of paper,
papyrus or stone." U.L.A. at Comment p. 8(4) (emphasis added). Though not part of the statutory language, official comments to uniform laws have been employed by courts of this state as important interpretive tools. See Wilkerson Motor Co. v.Johnson, 580 P.2d 505, 507, (Okla. 1978). This official comment to the Uniform Electronic Transactions Act illuminates the distinction between the tangible nature of paper copies and the intangible, though perceptible, nature of electronic copies and has application to this inquiry. Id. at Comment p. 8(4). Because the fees authorized for photographic copies are applicable to a paper-page charge and because electronic copies do not have the tangible aspects of paper, it is the opinion of this office that the per-page fee may not be charged for electronic copies of records which are kept in a computer-readable format.
¶ 9 As noted, the fees required to be charged by county clerks are set forth in 28 O.S. 2004, § 32[28-32](A), unless otherwise provided by law. As also set forth previously, the provisions in this section of law do not authorize charging fees for electronic copies. However, the provision of the Oklahoma Open Records Act authorizing fees for copying and reproduction of records has applicability to computerized records kept by county officials.See 51 O.S. Supp. 2004, § 24A.3[51-24A.3].[2] The applicability of this provision of the Oklahoma Open Records Act to computerized records, for example, was found in Attorney General Opinion 96-26, where the Attorney General opined in accordance with the "express language" of the Oklahoma Open Records Act that computer-readable records of a county assessor are subject to the copying and reproduction limitations of the Oklahoma Open Records Act. See id. at 83-84. The Oklahoma Open Records Act, Section 24A.5(3),[3] specifically provides for a fee for recovery of the reasonable direct costs of mechanical reproduction of computer-readable records. Id.; A.G. Opin. 96-26, at 81, 84.[4]
¶ 10 Where the statutory fee schedules do not authorize the county clerks to charge fees for electronic copies, recovery of costs is subject to the Oklahoma Open Records Act. See id.
Accordingly, the county clerks of this state may charge a fee "only for recovery of the reasonable, direct costs" of mechanical reproduction of records in a computer-readable format, including production of electronic copies. 51 O.S. 2001, § 24A.5[51-24A.5](3). If the request for documents is solely for commercial purposes or would clearly cause excessive disruption of the public body's essential functions, the county clerks may charge a reasonable fee to recover the direct costs of a document search. See id. A search fee may not be imposed in providing electronic copies to newspapers or broadcast media or when the release of documents is in the public interest. See id. What constitutes a reasonable fee is a question of fact that cannot be answered within the context of this Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5). However, the Oklahoma Supreme Court has addressed the standard to be applied to a document production request of computer-readable records made pursuant to the Oklahoma Open Records Act in Merrill v.Oklahoma Tax Commission, 831 P.2d 634 (Okla. 1992). The court stated that a copy charge "based upon the cost of materials [and] labor needed for providing the computer program and service to produce the requested data" was lawful. Id. at 642-43.
¶ 11 In applying this standard to an open records request for reproducing records maintained in a computer-readable format by a county assessor, we affirm what was concluded in Attorney General Opinion 96-26 that recovery may be made for: "(1) the storage media used, including disk, tape, or other format unless provided by the requestor; (2) any access or processing charges imposed upon the public body because of the request; (3) any hardware or software specifically required to fulfill the request and reproduce the record in computer-readable format which would not otherwise generally be required or used by the public body; and (4) the cost of labor directly attributable to fulfilling the request." Id. at 82.
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A county clerk is authorized to maintain recorded instruments in a computer-readable format. 19 O.S. 2001 Supp. 2004, §§ 155.7, 286, 298.1.
 2. Providing paper copies of stored images is subject to the fee limitations of 28 O.S. Supp. 2004, § 32(4), which authorizes the imposition of a $1.00 per page charge for each paper copy.
 3. Furnishing electronic copies of instruments kept by the clerk in computer-readable format is subject to the fee limitations of the Oklahoma Open Records Act, which allows a search fee in some cases. 51 O.S. Supp. 2004, § 24A.5(3).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 DOROTHY BROWN Assistant Attorney General
[1] A county clerk is a county officer and therefore subject to this provision of law. 19 O.S. Supp. 2004, § 131[19-131](A) (Title 19 O.S. Supp. 2004, § 131[19-131] was amended in the First Regular Session of the Fiftieth Legislature, however, the amendment is not germane here.) See 2005 Okla. Sess. Laws. ch. 1, § 9.
[2] Title 51 O.S. Supp. 2004, § 24A.3[51-24A.3] was amended in the First Regular Session of the Fiftieth Legislature with an effective date of November 1, 2005. See 2005 Okla. Sess. Laws ch. 199, § 4.
[3] Title 51 O.S. Supp. 2004, § 24A.5[51-24A.5] was amended in the First Regular Session of the Fiftieth Legislature with an effective date of November 1, 2005. See 2005 Okla. Sess. Laws ch. 199, § 5.
[4] Similar to the county clerk's fee schedule in this matter, Section 60 of Title 28 did not authorize a fee to be collected by the county assessor for electronic copies of records. The Attorney General found that the definition of "public body" in the Oklahoma Open Records Act included the office of county assessor, that "computer readable records . . . are within the definition of a `record,'" and that furnishing copies of computer records was subject to the Oklahoma Open Records Act, including assessing fees for reproducing records kept in a computer-readable format. A.G. Opin. 96-26, at 80-81.